Marshall, C. J.
The sole question presented relates to the power of the court of common pleas to vacate the judgment rendered by it on December 8, 1921, whereby the former decree of the court entered on August 23d was vacated. It is unnecessary to discuss the power of a trial court to enter a default judgment, or to determine in what cases a default judgment may be entered under the Ohio statutes, for the reason that the decree which was in fact entered was set aside for reasons which seemed sufficient to the same judge who entered the original decree. The question for determination in this error proceeding turns upon the true interpretation of Sections 11631, 11634 and 11640, General Code. The jurisdiction of a court of common pleas is fixed by statute, and the power of that court to set aside a judgment after term and grant a new trial is gov *87 erned by Section 11631, General Code. There are ten different grounds stated in that section, but the court clearly acted upon the authority of the third ground, to-wit, for mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order. Clearly there was no mistake, neglect or omission of the clerk, and we will therefore inquire whether there was irregularity in obtaining: the judgment.
The court took testimony upon the issue of irregularity, and upon the testimony of Mr. Mantón, the introduction of the court rules, and the affidavit of Mr. D’Alton, which was received without objection, found “that there was irregularity in the taking and entering of said judgment as alleged in said motion, and that said motion should be and the same is hereby granted.”
It is not the province of this court to weigh the evidence and we have merely examined the record in order to determine whether there was any evidence of irregularity in taking and entering the judgment, and for the further purpose of determining whether the cause was heard before it regularly stood for trial. Our examination of the record abundantly sustains the finding of irregularity and it also discloses that the judgment was rendered after the action regularly stood for trial. There is apparently no difference of opinion on this latter point, because in the brief of counsel for defendant in error we find the following: “The practice in vogue in Lucas county, and which has continued for more than twenty years, is to put the case on the trial docket as soon as the answer day arrives. And all cases pending are on the trial docket on and after *88 the answer day. So under the provisions of the foregoing sections of the code, this case ‘regularly stood for trial’ June 18th, 1921, two months before the default judgment was taken.” The trial court therefore had the power to set aside the judgment and grant a new trial, unless by the provisions of Sections 11634 and 11640 the motion to vacate the judgment was not filed within the statutory limitation of time.
The former of those two sections reads as follows: “The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party, or his attorney in the action. But the motion to vacate a judgment because of its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term.”
The court of appeals reversed the judgment of the court of common pleas upon the theory that the motion should have been filed during the first three days of the succeeding term, to-wit, on September 10th, 11th or 12th, whereas it was not filed until November 29th. It will be observed that the qualifying clause in Section 11634, by express language, relates only to a judgment rendered before the action regularly stood for trial, and this language was used notwithstanding the fact that the earlier sentence of the same section relating to a judgment or order irregularly obtained contains no such limitation of time. The construction placed upon this section by the court of appeals would make the last sentence of that section read as follows, “but such motion to vacate a judgment can be made only in *89 the first three days of the succeeding term.” By using two expressions in the same section, the legislature must be held to have intended that a different meaning would be given to each. It is evidently the opinion of counsel that a case stands for trial immediately after rule day for answer, and in this we concur.
It is not easy to understand what was in the mind of the legislature in enacting the provisions of Section 11640 whereby a limitation of three years is placed upon the filing of a motion under division 3 of Section 11631, General Code, and at the same time, by virtue of 11634, requiring a motion to be filed on or before the third day of the succeeding term in those cases where judgment was rendered before the action regularly stood for trial. It is sufficient to say that the legislature has full power and authority to determine the jurisdiction of the court of common pleas and its language relating to these matters is clear and unambiguous, and we find no limitation upon the right to file a motion to set aside a judgment for irregularity in the manner of its rendition, other than in Section 11640, where the three-year limitation is stated. It is apparent that the court of appeals must have been influenced by the gross neglect of counsel, but the punishment for such neglect should not be visited upon the client. The judgment of the court of appeals will therefore be reversed and the cause remanded to the court of common pleas for trial.

Judgment reversed.

Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur.